# Aronow Law P.C.

**Tel:** 516-762-6700
**Fax:** 516-342-5707

20 Crossways Park Drive North, Suite 210
Woodbury, NY 11797

September 29th, 2017

**Chambers, Hon. Elizabeth S. Stong**
**United States Bankruptcy Court**
**Eastern District of New York**
**271-C Cadman Plaza East – Suite 1595**
**Brooklyn, NY 11201**

|   |   |
|---|---|
| Re: | Loss Mitigation Status Report |
| Debtor: | Beris Baker |
| Case No. | 17-42547 |
| Loan No. | XXXXXX0130 |

Dear Judge Stong:

This firm represents debtor, Beris Baker, (hereinafter "Mr. Baker" or "Debtor") in the above referenced matter.  Please allow this letter to serve as a status update submitted on behalf of Mr. Baker in connection with his continued participation in this Honorable Court's Loss Mitigation Program. Mr. Baker, through counsel, is in receipt of two denial letters dated June 28, 2017 and July 28, 2017 received from counsel for creditor, SLS (hereinafter "Creditor").  Both denial letters highlight creditor's utter failure to properly evaluate Mr. Baker's Loss Mitigation Applications as is required by this Honorable Court's Loss Mitigation Order which was signed on June 19, 2017.  Please note that neither party objected to participating in the Loss Mitigation Program.

### **Relevant Details Regarding Order to Review the Debtor for a Loan Modification**

*1st Denial Letter*

The June 28, 2017 denial letter, which Mr. Baker believes was a denial in connection with a loss mitigation application that was submitted prior to filing for bankruptcy[1], (however, issued well after the June 19, 2017 Loss Mitigation Order ordering both parties to act in good faith), provided one reason for denial of Mr. Baker's loss mitigation application with respect to the possibility of obtaining a loan modification, namely:

---

[1] This office submitted a loss mitigation application on February 7, 2017 which was still opened when Mr. Baker filed for Chapter 7 United States Bankruptcy protection on May 22, 2017.

1



# Aronow Law P.C.

**Tel:** 516-762-6700
**Fax:** 516-342-5707

20 Crossways Park Drive North, Suite 210
Woodbury, NY 11797

"Standard Trial to Modification Program- Denied--   After evaluation of your loan we have determined there is an insufficient monthly payment reduction." **(See Exhibit "A")**

In connection with sweeping changes to consumer protection ushered in by the Wall Street Reform Consumer Protection Act, more commonly known as the "Dodd-Frank Act" the Consumer Financial Protection Board was empowered to enact regulations to provide consumers with better protection against their mortgage banks for servicing errors and to ensure that foreclosure was a last resort.  On January 14, 2014 Regulation X, as amended, went into effect setting forth very specific guidelines to which Mr. Baker's creditor must adhere, including ensuring that Mr. Baker was evaluated for every loss mitigation option.

It is clear that Mr. Baker's application was only evaluated for **<u>one</u>** of the creditor's loan modification programs and not for all of the programs offered by creditor.  In addition to the admonition to evaluate the debtor's application for all loss mitigation options (which clearly the creditor did not, as explained more fully herein-below), the creditor, in accordance with Regulation X, must provide specific denial reasons.  Creditor's June 28th denial letter was instead, vague and generic, failing to include vital information which would substantiate their determination that granting Mr. Baker a modification would result in an insufficient monthly payment reduction.

For example, the creditor did not indicate the income it used to make its determination, the interest rate that was used, the principal reduction if any allowed under the program, the limits of the monthly payment reduction or any other specifics which the creditor used to determine that Mr. Baker did not qualify for this single program. Without this vital information, the debtor cannot properly appeal the creditor decision and further wrongfully risks losing his home.

Even though Mr. Baker had little hope of a fair evaluation given the vague denial set forth in the June 28, 2017 denial letter, in an effort to demonstrate good faith and as required by this Honorable Court, he, through counsel, provided a second submission to the creditor's counsel on July 12, 2017.

*1st Appeal*

Concurrently, since a denial letter had been issued on June 28, 2017 for his prior application and since Mr. Baker had no intention of waiving any rights afforded to him, Mr. Baker, through counsel, submitted an appeal to the creditor on July 28, 2017 (within the thirty (30) days given to him to appeal the creditor's decision).  In the appeal, Mr. Baker requested that the creditor provide the pertinent information to clarify the vagaries discussed above and requested that he be re-evaluated or that in the alternative, the creditor detail the numbers that led to the denial.  Additionally, and more importantly, Mr. Baker requested that he be evaluated for all of the programs offered by the creditor and not solely for one program, as he should have been from the beginning.



# Aronow Law P.C.

**Tel:** 516-762-6700
**Fax:** 516-342-5707

20 Crossways Park Drive North, Suite 210
Woodbury, NY 11797

*2nd Denial Letter*

On August 8, 2017 Mr. Baker, through counsel, received a copy of the second denial letter dated July 28, 2017 (**see Exhibit "B"**).  The denial letter was identical to the June 28, 2017 denial letter except for the date, which as stated above was deficient in almost every regard.  Since there were two active applications at the time it is unclear whether the July 28, 2017 denial was a denial of the loss mitigation package which was submitted through the bankruptcy loss mitigation program or in response to Mr. Baker's Appeal of July 12, but regardless they are both deficient.

Nevertheless, on August 14, 2017, Mr. Baker, by counsel, treated the unspecified July 28th denial letter as if it were denying the second Baker submission and not as a denial of the July 28th appeal, highlighting again the failure to act in good faith and of course, the creditor's utter failure to provide any specificity as to the basis of denial or the parameters of their review.

In response to either the first appeal on July 12, 2017 or to the August 14, 2017 appeal, creditor, upon information and belief, must have realized its failure to provide a specific denial or to act in good faith and through its' counsel sent an email stating that the creditor "inadvertently" misstated its denial reason (not once but twice) and the real reason Mr. Baker was denied was because he was evaluated for a "new" program "OneMod" which is not based on financial documents, but alas, he still did not qualify.

Yet, even in light of this new information, to date despite two denials from the creditor based upon **one** of its financial based programs, the creditor, who is bound by this Honorable Court's Loss Mitigation Order has yet to provide a specific basis for its inadvertent (twice) reason for denial under the Standard Temporary to Modification program.  Additionally, since the "OneMod" program was never mentioned before the August 22, 2017 email from creditor's counsel, wouldn't it be appropriate if the creditor evaluated Mr. Baker for all of the programs available instead of just one or two of the programs?  Mr. Baker, by counsel, intends to appeal the OneMod email it received two days ago as if it were a denial, including in the appeal, yet another request for a specific explanation to the denials he received on June 28th and July 28th.

*3rd Appeal*

As stated above, the ambiguity created by the creditor has led to confusion with regards to what has formally been denied, what is still being reviewed and what programs Mr. Baker has or is being reviewed for.  In order to pursue our client's interests fully, a third appeal has been sent to the creditor as of September 27th, setting out clear discrepancies in the narrow review process they seem to have diligently pursued and the reasons for denying modification.

As stated in the August 22nd email from the creditor's counsel, the OneMod program is not based on financial documents.  It was stated by creditor's counsel that the OneMod program would be Mr. Baker's best chance at obtaining a modification and his loan was eligible, but was subsequently denied because of the value of the property relevant to the amount due on the loan.



# Aronow Law P.C.

**Tel:** 516-762-6700
**Fax:** 516-342-5707

20 Crossways Park Drive North, Suite 210
Woodbury, NY 11797

The August 22nd letter references the broker's price opinion of the property dated April 27th at $670,000 and, the broker's price opinion dated August 1st at $825,000. A difference of $155,000 in four months, which is highly suspect, even in a neighborhood such as Brooklyn. With such wildly differing figures that are being used by the creditor for the purposes of review, it is almost impossible to have any confidence in the review process or the integrity being applied to it. Mr. Baker had the property valued himself by an independent broker, who opined the value at $630,000, well below any value they have used. We have sent the independent appraisal to the creditor along with the appeal. We are currently awaiting a response.

## Conclusion

Based on the cumulative information our firm believes that the termination of loss mitigation would be premature since the response to the August 14, 2017 appeal contained such obvious discrepancies, we have yet to be reviewed properly and have appealed again as of September 27th to the fatally flawed denial reasons received in the form of an email from creditor's counsel on August 22nd.

Moreover, since the reason for denial now given is that the modification is now being denied on the basis of excessive equity, in the interest of fairness, Mr. Baker has obtained his own appraisal to rebut the contentions of his bank. Mr. Baker seeks sufficient time to allow for proper review, and present his own forensic evidence in rebuttal at the next hearing.

Finally, in light of the foregoing, ***Mr. Baker prays for the intervention of this Court to obtain a proper review consistent with the principals of this Honorable Court's loss mitigation order and pursuant to the regulations set forth in Regulation X***. Should you have any questions, please feel free to contact the undersigned at any time.

Respectfully submitted,

*/s/* Darren Aronow, Esq.
By: Darren Aronow, Esq.
Aronow Law, P.C.
*Attorneys for Debtor*