

**Bankruptcy Dept.**
53 Gibson Street
Bay Shore, NY 11706
Tel: (631) 969-3100
Fax: (631) 982-1459

October 2, 2017

Honorable Elizabeth S. Stong
United States Bankruptcy Court, EDNY
Conrad B. Duberstein Courthouse
271-C Cadman Plaza East - Suite 1595
Brooklyn, NY 11201-1800

      Re: Beris Baker
      Case Number: 17-42547
      Loan Ending: 0130
      Property Address: 233 East 92nd Street Brooklyn, New York 11212

Dear Judge Stong:

    My office represents Specialized Loan Servicing LLC as servicer for The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass Through Certificates Series 2002- KS4 ("SLS") in regards to loss mitigation in the above referenced matter.

    On July 20, 2017, I advised Debtor's counsel that SLS implemented a new loan modification program that does not require financial documents called One Mod.  SLS's One Mod Program is similar to the FNMA/Freddie Mac Flex Mod program and no documents need be provided as same is a streamline process.   Among the restrictions/limitations of One Mod are the following provisions:

1. Modification must result in a reduction of P&I
2. Maximum amortization schedule is 480 months but if security matures earlier, amounts due at the time will be owed as a balloon payment
3. Interest rate can never go below Primary Mortgage Market Survey rate at time of review
4. No write offs or forgiveness of the unpaid principal balance is allowed
5. If loan has been modified 3 or more prior times, not eligible for further modification.

After review under the One Mod program Debtors' loan was denied a modification because a decreased P&I payment could not be calculated.  Although as indicated above, the interest rate can never go below the PMMS rate, in the case of excessive equity in the property, the servicer does not decrease the interest rate.  In this case, the new balance of approximately $467,112.90 after capitalizing arrears (which includes principal, accrued interest of $114,602.22 and escrow advances

One Whitehall Street, 20th Fl. • New York, NY 10004 • Tel: (212) 344-3100
80 Main Street, Suite 460 • West Orange, NJ 07052 • Tel: (973) 325-8800
One East Broward Blvd. Suite 1430 • Ft. Lauderdale, FL 33301 • Tel: (954) 522-3233

WWW.FLWLAW.COM



of $175,485.00) is well below the lender's appraised value of $670,000.00 and even the Debtor's appraised value of $630,000.00 as submitted recently in an effort to appeal. As such, the 8.75 % interest rate will not decrease.

Under prior programs utilized by many lenders, including HAMP, excessive equity as in this case would lead to a negative NPV which would result in the lender opting not to modify as not in its financial interest. The lender herein is willing to modify, with the restriction that keeping the interest rate the same and amortizing to 480 months (although a balloon would be due on the original maturity date) lead to a decreased P&I. In this case, as the Debtor is delinquent from August 1, 2008 it is not possible to achieve a decreased P&I as required. The estimate new P&I is approximately $3,500.00 which is above the current P&I.

As this loan has been reviewed and decisioned and the Debtor has had the opportunity to appeal, it is respectfully requested that loss mitigation be terminated.

Sincerely,

/s/Elizabeth Doyaga
Elizabeth L. Doyaga, Esq.